UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JORGE L. MENDEZ,

                        Plaintiff,

v.                                                                                          CASE # 19-cv-01036

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          SAMANTHA J. VENTURA, ESQ.
  Counsel for Plaintiff                                      KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                          ANNE M. ZEIGLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II        FRANCIS D. TANKARD, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on February 14, 1973 and had less than a high school. (Tr. 276, 291). Generally, plaintiff's alleged disability consists of back pain, polyarthralgia, fibromyalgia, depression, high blood pressure, insomnia, and right shoulder pain. (Tr. 283, 290). His alleged onset date of disability is September 26, 2013[1]. (Tr. 299).

### B.      Procedural History

On February 26, 2015, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 124, 284). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (the ALJ). On July 3, 2018, plaintiff appeared before the ALJ, Brian Battles. (Tr. 39-76). On August 29, 2018, ALJ Battles issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 21-34). On June 7, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant has not engaged in substantial gainful activity since February 26, 2015, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: plantar fasciitis, status post bilateral rotator cuff repair, arthritis, degenerative disc disease, depression and anxiety (20 CFR 416.920(c)).

---

[1] Plaintiff first applied for disability insurance benefits and SSI in March 2009. (Tr. 83). An ALJ denied these applications in a decision dated December 30, 2010. (Tr. 77-97). Plaintiff filed another application for disability insurance benefits and SSI on May 19, 2011. (Tr. 109). An ALJ denied these applications in a decision dated September 25, 2013, and the Appeals Council denied review on December 31, 2014. (Tr. 103-19, 299).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he should only occasionally push, pull, and operate foot controls with the bilateral lower extremities. He can occasionally balance, stoop, kneel, crouch, and crawl and climb ramps and stairs. He should never climb ladders, ropes and scaffolds. He can frequently handle and reach with the bilateral upper extremities. He cannot work in hazardous environments such as at unprotected heights or around dangerous machinery and open flames. He retains the capacity to understand, remember, and carry out simple, routine and repetitive tasks. He requires a low stress job, which is defined as requiring only occasional decision making and occasional changes in the work setting. He should have no more than occasional contact with supervisors, coworkers, and the general public with respect to performing work related duties.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on February 14, 1973, and was age 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 26, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 15-34).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes four arguments in support of his motion for judgment on the pleadings.

First, plaintiff argues the ALJ improperly rejected the opinion from treating source Dr. Smith.

Second, the ALJ improperly relied on the stale opinion of Dr. Balderman. Third, the ALJ's RFC

finding is unsupported by substantial evidence. Lastly, plaintiff asserts the ALJ failed to consider fibromyalgia at Step Two and Step Four of the sequential evaluation. (Dkt. No. 8 at 1 [Pl.'s Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant makes a broad argument that substantial evidence supports the ALJ's RFC.   (Dkt. No. 12 at 14 [Def.'s Mem. of Law]). Defendant argues the ALJ properly considered the medical opinion evidence and plaintiff's impairments and subjective complaints. (Dkt. No. 12 at 16, 19).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  Opinion Evidence

Plaintiff argues various errors related to opinion evidence. Plaintiff asserts Dr. Smith's opinion was improperly rejected, the opinion of Dr. Balderman was stale and improperly relied upon, and essentially that the ALJ relied on his lay opinion because the RFC did not mirror any opinion of record. (Dkt. No. 8 at 1).

Treating physician Glennell Smith, M.D., Ph.D., completed a medical source statement on April 4, 2014, concluding plaintiff was not able to work due to permanent restrictions. (Tr. 399-400). Approximately four years later, Dr. Smith authored another opinion on June 26, 2018, wherein he made the following findings on the physical residual functional capacity questionnaire:

> Plaintiff was treated for chronic neck and back pain, as well as depression.  He checked a box indicating that Plaintiff's symptoms would frequently interfere with attention and concentration (Tr. 766). He also indicated that Plaintiff was incapable of low stress jobs due to anxiety and depression (Tr. 766). Dr. Smith stated that Plaintiff could sit for 30 minutes at a time and about 2 hours total in an 8-hour day (Tr. 766-67). He said Plaintiff could stand for 15 minutes at a time and stand/walk for about 2 hours total in an 8-hour workday (Tr. 766-67). He said Plaintiff must walk around every 15 minutes for 10 minutes at a time (Tr. 767). Dr. Smith said Plaintiff was "unable to work" and could never lift 10 pounds, twist, stoop, or crouch (Tr. 767-68). He indicated that Plaintiff would likely be absent more than four days per month due to his impairments (Tr. 768). Dr. Smith indicated that Plaintiff was not able to sustain full-time employment at any exertional level (Tr. 769).

ALJ Battles gave no weight to Dr. Smith's 2014 statement that plaintiff was unable to work. (Tr. 30, 397-98). As the ALJ properly noted, this type of statement is not a medical opinion, but rather an administrative finding that is not entitled to any significant weight. See 20 C.F.R. § 416.927(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner…."); *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017)

("However, whether LaValley qualifies as 'disabled' under the statute is a decision reserved to the Commissioner.").

The ALJ then considered the significant limitations in the June 2018 opinion and accorded it little weight. (Tr. 30). The relevant factors considered by an ALJ in determining what weight to afford a treating source opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). However, the Second Circuit has consistently held that agency regulations do not require a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013). In this case, the ALJ clearly stated Dr. Smith's opinions were not supported by the evidence and appropriately cited numerous examples of medical findings in the records which were contrary to the opined extreme limitations. (Tr. 30).[2] *See Freeman v. Comm'r of Soc. Sec.*, No. 17-CV-6862-FPG, 2018 WL 6605666, at *6 (W.D.N.Y. Dec. 17, 2018) ("[T]he ALJ did not err when she discounted [the treating physician]'s opinion based on its inconsistency with other record evidence."); 20 C.F.R. § 416.927(c)(4) (an ALJ will give more weight to an opinion that is consistent with the record as a whole). Plaintiff cites medical records to support his argument that Dr. Smith's opinion was consistent with treatment records however despite the fact that the ALJ could have reached a different conclusion on the disputed medical record, the Court will defer to the ALJ's disability determination when it is supported by substantial evidence. *Smith v. Berryhill*, 740 F. App'x 721 (2d Cir. 2018).

---

[2] For example, the ALJ cited findings of 5/5 muscle strength, intact range of motion, and a gait routinely described as normal. (Tr. 30).

Plaintiff's additional argument that the ALJ had a duty to recontact Dr. Smith is unavailing. (Dkt. No. 8 at 16). The case cited by plaintiff is differentiated because that record was incomplete. (Dkt. No. 8 at 16, citing *Nozan v. Comm'r of Soc. Sec.*, No. CV-05-1948 (FB), 2006 WL 2927170, at *5 (E.D.N.Y. Oct. 11, 2006). As noted by defendant, "[t]he mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician." *Micheli v. Astrue*, 501 F. App'x 26, 29 (2d Cir. 2012). *See also Miller v. Comm'r of Soc. Sec.*, 2017 WL 4286295, *10 (N.D.N.Y. 2017) ("the presence of an evidentiary conflict does not categorically require the ALJ to seek further information[;] . . . it is the province of the ALJ to consider and resolve conflicts in the evidence as long as the decision rests upon adequate findings supported by evidence having rational probative force") (internal quotations omitted).

Plaintiff's second argument is the ALJ's reliance on the stale opinion of consultative examiner Dr. Balderman. (Dkt. No. 8 at 16). On May 7, 2015, plaintiff attended a consultative physical examination with Samuel Balderman, M.D. (Tr. 514). Dr. Balderman opined that plaintiff had mild limitations in reaching, pushing, and pulling with the right shoulder. (Tr. 516). The ALJ accorded some weight to the opinion but noted the terms were imprecise and vague. Further, ALJ Battles commented that the examination preceded further development of the record, including a left shoulder arthroscopy with debridement of the rotator cuff and decompression in January 2017. The ALJ concluded the opinion, with subsequent records, supported a finding that the plaintiff should only frequently handle and reach with the bilateral upper extremities. (Tr. 31). Plaintiff concedes that the ALJ did acknowledge the lapse of time and additional medical records. (Dkt. No. 8 at 18). An ALJ is permitted to not only consider opinion evidence from a consultative examiner as substantial evidence but may also find greater limitations than opined. *McLeod v. Berryhill,* Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018)

(consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (quoting *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017)).

The ALJ did not rely solely on the opinion of Dr. Balderman as alleged by plaintiff, but rather used his discretion to compare and contrast the record medical opinions, along with all other relevant evidence, to resolve the conflicts in the evidence and determine plaintiff's RFC. *See Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir. 2002); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The ALJ extensively reviewed the medical records, including those from 2016 and 2017 pertaining to the left shoulder. (Tr. 28). Despite the failure by plaintiff to satisfy his burden of proof, the ALJ's RFC was more favorable to plaintiff than Dr. Balderman opined and included greater limitations with the bilateral upper extremities to account for the additional surgeries and treatment expressly referenced in the decision's analysis. (Tr. 28-29, 31).

The suggestion by plaintiff that the burden was on the ALJ to provide evidence supporting the conclusion that he could perform the lifting, standing, and walking requirements of light work is not appropriate. (Dkt. No. 8 at 20, 23). The burden of demonstrating functional limitations is always on the claimant. *McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Here, Smith had a duty to prove a more restrictive RFC, and failed to do so.").

Plaintiff also argues the ALJ made an RFC determination without a medical opinion and remand is necessary. (Dkt. No. 8 at 21). As discussed above, the ALJ permissibly considered all opinion evidence along with the other evidence of record in assessing the plaintiff's RFC. *See* 20 C.F.R. §§ 404.1529, 416.929; *Rodriguez v. Comm'r of Soc. Sec.*, No. 17-CV-6006-FPG, 2018 WL 4681624,

at *7 (W.D.N.Y. Sept. 28, 2018) ("Here, the ALJ did not adopt any opinion in its entirety. However, several RFC findings were consistent with portions of each opinion.").

An ALJ's RFC determination may be supported by substantial evidence even where the ALJ rejected specific medical opinions or gave them less than great weight. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013), a medical source statement or formal medical opinion is not necessarily required, *see id.*; *cf Pellam v. Astrue*, 508 F. App'x. 87, 90 (2d Cir. 2013) (upholding ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017). ALJ Battles did not reject all medical opinions of record but rather gave some weight to consultative examiner Dr. Balderman. Notably, the ALJ gave little weight to the opinions of state agency psychological consultant C. Butensky and psychological consultative examiner Dr. Ippoito, because he found the medical evidence supported a severe mental impairment and further limitations. (Tr. 31). Apart from opinion evidence, the ALJ's RFC was based on other substantial evidence which was detailed in his decision.

### B.  Fibromyalgia Impairment

Lastly, plaintiff argues the ALJ failed to consider fibromyalgia and remand is required. (Dkt. No. 8 at 25). Plaintiff is correct that an ALJ must "'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to establish eligibility for Social Security benefits.'" Buck v. Colvin, 2014 WL 338841, at *10, 2014 WL 338841 (W.D.N.Y. Jan. 2014) (quoting Burgin v. Astrue, 348 F. App'x 646, 647 (2d Cir. 2009). Plaintiff alleged a disabling impairment of fibromyalgia at the time of application and cited to the one record in the file that contained a

diagnosis of fibromyalgia. (Dkt. No. 8 at 27 *citing* Tr. 742). The mere diagnosis of an impairment does not however indicate the severity of the resulting symptoms. *See Rivers v. Astrue*, 280 F. App'x 20, 22 (2d Cir. 2008) (unpublished) (the "mere diagnosis of fibromyalgia without a finding as to the severity of symptoms and limitations [did] not mandate a finding of disability").

   In essence plaintiff argues that if the ALJ had found fibromyalgia to be a severe impairment then it would have supported the opinion of Dr. Smith, particularly being off task and missing work. (Dkt. No. 8 at 27). The consultative examiner found no trigger points, did not make a diagnosis of fibromyalgia. (Tr. 516). In the same manner, Dr. Smith did not list fibromyalgia as a diagnosis. (Tr. 765). It is an illogical argument that an impairment, not even acknowledged by the primary physician, supports the opined limitations. Further, the plaintiff only argues the limitations from the fibromyalgia are "pain". (Dkt. No. 8 at 27). The ALJ did not specifically discuss the diagnosis of fibromyalgia but did consider the alleged pain and functional limitations throughout the decision and reasonably stated the totality of the physical impairments was considered. (Tr. 26-32). ALJ Battles made the cogent observation that despite alleging disabling pain, the claimant was routinely described by medical providers as in no apparent/no acute distress. (Tr. 29). Plaintiff cites records by Dr. Smith of multi joint pain and muscle ache with palpation and manipulation of the back, but the ALJ had found the severe impairment of degenerative disc disease and as noted above did not acknowledge a diagnosis of fibromyalgia as a cause of any limitations. (Tr. 23, 765). There is no evidence to support plaintiff's assertion that fibromyalgia would cause him to be off task or have frequent absences. (Dkt. No. 8 at 27). In sum, the ALJ did not identify the impairment but considered the effects of the impairment throughout the analysis of the claim and any error is harmless. As long as substantial record evidence supports the ALJ's determination of the facts, which is the case here, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed.

App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015

WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).


**ACCORDINGLY, it is**

> **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No.8) is
>
> **DENIED;** and it is further
>
> **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is
>
> **GRANTED.**


Dated: October 30, 2020                          *J. Gregory Wehrman*
Rochester, New York                              HON. J. Gregory Wehrman
                                                 United States Magistrate Judge